IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL L. HOLBROOK, by and through next of kin, NIOKA BYRGE, NIOKA BYRGE, individually, and BRANDON HOLBROOK, individually,<br><br>      Plaintiffs,<br><br>      v.<br><br>DOREL JUVENILE GROUP, INC.<br><br>      Defendant. | Civil Action No. 3:14-cv-00060<br>Judge Walter H. Rice<br>Magistrate Judge Michael Newman |

**PROTECTIVE ORDER**

The Court being fully advised on the premises, IT IS HEREBY ORDERED:

1. This Protective Order shall govern all documents, computer disks, information, and tangible materials which the parties shall designate as "confidential."

2. The parties may specifically designate as "confidential" any documents, information, or materials of a proprietary, private, financial, or competitively sensitive nature, or which otherwise implicate any recognized privacy interest, by placing in a conspicuous location a stamp bearing the legend "confidential" or the like.

3. Any party also may designate as confidential any portion of a deposition transcript that it deems to include confidential information.

4. No documents, information or materials designated as "confidential" by another party shall be furnished, shown, or otherwise disclosed to any person unaffiliated with the designating party except the following qualified persons: (1) counsel for the parties, their associate attorneys, paralegal assistants, and clerical employees assisting such counsel and employees; (2) essential employees of the parties with whom it is necessary to consult in connection with the prosecution of this cause; and (3) outside consultants and experts retained by

the parties to consult and/or assist counsel in the preparation and trial of this action. All documents, information, and materials that are designated as confidential shall be used solely for the preparation and trial of this action and for no other purpose.

5. Before any person unaffiliated with the Court, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Executors of said Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," *and* who has not executed a copy of the attached "Acknowledgment." The Acknowledgment for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first. Counsel for the respective parties also shall maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon an appropriate Order. Counsel of record and counsel's employees need not execute such an Acknowledgment, but are deemed subject to the provisions of this Order by virtue of its entry.

6. All copies, reproductions, extracts, and summaries of documents, answers to interrogatories, responses to requests for admission, testimony and other materials and information, as well as briefs and other Court papers that quote or refer to confidential documents, information, or materials also shall be subject to the provisions of this Protective Order.

7. Whenever filed with the Court for any reason, all designated materials disclosed by any party shall be submitted for filing with the Court under seal and shall be kept under seal until further order of the Court. However, such designated materials shall continue to be

2

available to the Court and to such persons who are permitted access to the same under this Protective Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

8. Nothing contained in this Protective Order shall bar or restrict the parties' attorneys from rendering advice to their respective clients with respect to this litigation, as long as the confidentiality provisions of this Order are otherwise observed. This Protective Order shall not prevent the use of "confidential" documents, information, or materials at a deposition, so long as reasonable notice is given to the opposing party and the court reporter that the other party will or may use confidential materials, so that the documents, information, or materials shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidentiality. The use of "confidential" documents at a deposition does not otherwise affect the protection of those documents under the terms of this Protective Order.

9. The inadvertent or unintentional disclosure of "confidential" information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure.

10. Materials designated as "confidential" shall not be placed or deposited in any sort of outside data bank or otherwise be made available through indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or entities. This paragraph and the other provisions of this Protective Order shall not apply to materials which, if challenged by another party, the Court rules are not entitled to protection.

11. All parties other than the designating party, including their counsel, technical consultants, and/or experts shall not otherwise sell, offer, advertise, publicize, or provide under any condition, any information provided and designated as "confidential" by the designating party, to any competitor of the designating party.

12. Within thirty (30) days of the conclusion of this case, defined as the latest of the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, parties in receipt of another party's "confidential" documents agree to return or destroy all copies of "confidential" documents, information, or materials to the designating party, excluding counsel of record's original work product. Each party in receipt of designated documents shall deliver to the designating party an affidavit within thirty (30) days of the conclusion of this case certifying that all such "confidential" information and copies thereof, excerpts from and summaries of such information, have been returned to the party who produced such "confidential information," or have been destroyed. The parties shall further provide, within thirty (30) days of the conclusion of this case, affidavits from each testifying or consulting expert to which they have provided such information, certifying their compliance with this provision.

13. If any party elects to challenge a designation of "confidential" made by the other party, the challenging party shall provide written notice to the designating party within thirty (30) days of receipt of the document(s) in question. The notice shall specify by bates number the documents, information, or materials for which the designation is challenged, and the specific and complete basis for the challenge. Thereafter, the provisions of the agreement shall apply to such materials for a period of sixty (60) days only, and shall expire unless the producing party files a motion for protective order from the Court prior to such time. In the event such motion is filed, the terms of this Protective Order shall remain in place as to such documents, information, and materials until the Court rules upon the motion.

14. All materials designated as confidential shall be treated as such pursuant to the terms of this Protective Order until further order of this Court. Such a designation raises no presumption that the information or documents are entitled under the law to protection.

15. The determination of how any material designated as "confidential" shall be used at the trial of this case, if any, is not made at this time. Rather, any such determination will be made prior to trial

16. The production of material protected by the attorney-client privilege or the attorney work product doctrine ("Protected Material") does not waive, estop, or prevent the producing party from asserting any privilege or other ground for withholding Protected Material from production in the course of discovery in this or any other case. The Parties agree, and the Court hereby orders, that the production of Protected Material cannot provide a basis for any party or third-party to seek disclosure, production, or admission into evidence of the Protected Material viewed based on waiver, abandonment, estoppel, prior disclosure, or any other theory, claim, or argument. Furthermore, all relevant limitations and protections set forth in Federal Rule of Evidence 502 apply in this case.

17. A producing entity shall have 45 days after one of its counsel in this case becomes actually aware that Protected Material has been inadvertently produced in which to request its return. All such requests to return Protected Material shall be in writing to lead counsel for all Parties, shall state when counsel became aware of the inadvertent production of the Protected Material, and shall, if possible, identify the inadvertently produced Protected Material by Bates range(s) or other document identifier. If a producing entity requests the return of Protected Material, any party to which such material was produced shall, within 14 days after the request, delete the inadvertently produced Protected Material, any other document known to contain or depict the substance of the Protected Material (e.g., notes), and all data associated with such Protected Material (including images and metadata such as extracted text) from any database or document management system containing the Protected Material and associated data, return to the producing party any disk or other media containing Protected Material, return to the producing party or destroy all paper copies of Protected Material, request in writing that any third party to whom the Protected Material was provided do the same, and provide a written certification to the producing party that the receiving party has followed such procedures. The receiving party has the responsibility to take reasonable steps to ensure that any third party to which it provided documents produced in this litigation which a producing party later claims are Protected Material are destroyed or returned as outlined in this paragraph. If the receiving party

5

wishes to challenge the producing party's claim of protection as to the Protected Material or the inadvertency of its production, the receiving party may file a motion with this Court to compel production of such Protected Material.

  18.  The terms of this Protective Order shall become effective upon agreement of the parties or entry by the Court, whichever happens first, and shall survive and remain in full force and effect after conclusion of this cause of action. The Court shall retain jurisdiction after the conclusion of this action to enforce the terms of the Protective Order.

  DATED this 28th day of October, 2014.

              _____
              JUDGE

PROTECTIVE ORDER APPROVED
AS TO FORM AND CONTENT BY:

By: /s/Christine M. Haaker
    Christine M. Haaker (#0063225)
    Jeremy Smith (#0088539)
    **THOMPSON HINE LLP**
    10050 Innovation Drive, Suite 400
    Miamisburg, Ohio 45342
    Telephone:   (937) 443-6822
    Facsimile:   (937) 443-6635
    Christine.Haaker@thompsonhine.com
    Jeremy.Smith@thompsonhine.com

    Jonathan Judge
    Matthew G. Schiltz
    **SCHIFF HARDIN LLP**
    233 S. Wacker Drive, Suite 6600
    Chicago, Illinois 60606
    Telephone:   (312) 258-5500
    Facsimile:   (312) 258-5600
    jjudge@schiffhardin.com
    mschiltz@schiffhardin.com

ATTORNEYS FOR DEFENDANT DOREL
JUVENILE GROUP, INC.

By: /s/P.J. Conboy II per approval 9/29/14
    P.J. Conboy II
    **STATON FISHER & CONBOY LLP**
    5613 Brandt Pike
    Huber Heights, Ohio 45424
    Telephone:   (937) 630-4061
    Facsimile:   (937) 237-1978
    agentconboy@aol.com

ATTORNEY FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL L. HOLBROOK, by and through next of kin, NIOKA BYRGE, NIOKA BYRGE, individually, and BRANDON HOLBROOK, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DOREL JUVENILE GROUP, INC. <br><br> Defendant. | Civil Action No. 3:14-cv-00060 |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the Protective Order entered in connection with the above-captioned matter, and that I am familiar with its terms.

The undersigned further acknowledges that he or she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, consents to the jurisdiction of the Southern District of Ohio over his or her person, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of penalties being imposed as a result of being held in contempt of court for violating the Protective Order, and any other damages causally related to said violation.

DATED: _____     _____
                                                                                                  (signature)


                                                                                         _____
                                                                                                (printed name)