IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. HOLBROOK, by and : 
through next of kin, NIOKA
BYRGE, NIOKA BYRGE,
individually, and BRANDON :
HOLBROOK, individually,
              Case No. 3:14-cv-60-WHR
   Plaintiffs, 
            :   JUDGE WALTER H. RICE
  v.

DOREL JUVENILE GROUP, INC., :
   Defendant.

---

DECISION AND ENTRY SUSTAINING DEFENDANT DOREL JUVENILE GROUP, INC.'S, MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF OR REFERENCES TO DEFENDANT'S 2012 VOLUNTARY RECALL OF THE EDDIE BAUER ROCKING WOOD BASSINET (DOC. #39) AND MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF OR REFERENCES TO OTHER INCIDENTS INVOLVING EDDIE BAUER ROCKING WOOD BASSINETS (DOC. #43), THE LATTER WITHOUT PREJUDICE; EVIDENCE OF RECALL SHALL BE EXCLUDED; FOR EVIDENCE OF PREVIOUS INCIDENTS TO BE ADMISSIBLE, PLAINTIFFS MUST SHOW, AT LEAST THIRTY (30) DAYS PRIOR TO TRIAL, THAT PREVIOUS INCIDENTS WERE SUBSTANTIALLY SIMILAR TO INCIDENT AT ISSUE IN THIS CASE

---

Plaintiffs, Michael L. Holbrook, by and through next of kin Nioka Byrge ("Michael"), Nioka Byrge, individually ("Byrge") and Brandon Holbrook, individually ("Brandon") (collectively "Plaintiffs"), alleged that Defendant Dorel Juvenile Group, Inc. ("Defendant"), a crib manufacturer, failed to provide an adequate warning about the risk of loosened bolts on the locking mechanism of the Eddie Bauer

Rocking Wood Bassinet ("Bassinet") used by Plaintiffs. Doc. #1-1. Plaintiffs claimed that, due to that failure, Byrge was without reason to inspect the bolts on the Bassinet's locking mechanism, and that had Byrge inspected and tightened the bolts, the Bassinet would not have tilted and caused Michael to roll over on his side and asphyxiate while in the Bassinet. *Id.*, ¶¶ 11, 44, 47, PAGEID #9, 12; Doc. #54, PAGEID #1631. Plaintiffs alleged that Defendant's supposedly inadequate warning violated the Ohio Products Liability Act. *Id.*, ¶ 46, PAGEID #12 (citing Ohio Rev. Code § 2307.76).

Defendant has filed motions *in limine* to exclude evidence of an October 12, 2012, recall of the Bassinet model, Doc. #39, and to exclude evidence of the "other incidents underlying the Recall in which consumers reported to the Consumer Product Safety Commission ('CPSC') that they had an issue with their [B]assinet[s]." Doc. #43, PAGEID #1066. For the reasons set forth below, both motions are SUSTAINED, the latter without prejudice.

I.  **RECALL ON PLAINTIFFS' BASSINET IS IRRELEVANT**

On October 12, 2012, Defendant, in conjunction with the CPSC, issued a voluntary recall of the Bassinet model. The recall pertained to a missing or misassembled spring on the locking mechanism of some of the Bassinets. Doc. #39, PAGEID #950. It is undisputed that the defect was not present in Plaintiffs' Bassinet. Doc. #28, PAGEID #739. However, Plaintiffs argue that "the defect is a different part of the simple locking mechanism," which was both the subject of the

2

recall and the alleged cause of Michael's asphyxiation, and that Defendant's "failure to warn the consumer parents of the hazards of having a child's crib rock unexpectedly remains not just similar but the same." Doc. #60, PAGEID #1687.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While "[t]he standard for relevancy is 'extremely liberal,'" *U.S. v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992), evidence may be excluded as irrelevant if it lacks "the slightest probative worth." *Id*. (internal quotation marks and citations omitted).

The Sixth Circuit has held that in products liability actions, the existence of a recall is irrelevant unless a plaintiff can show that "the conditions described in the [recall] letter were present when plaintiff had his accident." *Calhoun v. Honda Motor Co., Ltd.*, 738 F.2d 126, 133 (6th Cir. 1984). For evidence of the Bassinet model's recall to be relevant, the condition that prompted the recall—a missing or misassembled spring—must have been present in Plaintiffs' Bassinet, which it was not. Moreover, Roger Garcia, the original purchaser of Plaintiffs' Bassinet, testified that he used it for "[f]our or five months" after his daughter was born, Doc. #22-9, PAGEID #496, and Byrge testified that Garcia gave the Bassinet to Plaintiffs "maybe a week, give or take a day or so," before Michael died on January 23, 2013. Doc. #28-1, PAGEID #756. As Garcia purchased the Bassinet <u>before</u> the recall was issued on October 12, 2012, the recall could not have put Defendant on

3

notice of a need to include a warning about tightening the locking mechanism bolts at the time Plaintiffs' Bassinet left Defendant's control.  Therefore, the recall has no probative value on the issue of whether Defendant included adequate warnings with the Bassinet, and evidence of the recall must be excluded as irrelevant.

II. **NO EVIDENCE THAT PREVIOUS INCIDENTS WERE SUBSTANTIALLY SIMILAR TO INCIDENT AT ISSUE IN THIS CASE**

Prior to the recall, the CPSC received at least six complaints from consumers about incidents that allegedly involved the locking mechanism on the same model as Plaintiffs' Bassinet.  Doc. #43, PAGEID #1066.  Defendant argues that evidence of those complaints should be excluded because Plaintiffs have not made the threshold showing for admissibility:  that the underlying facts of the consumer complaints to the CPSC are "substantially similar" to the underlying facts in this case.  *Id*. (citing *Buck v. Ford Motor Co.*, No. 12-3908, 526 F. App'x 603, 606 (6th Cir. 2013); *Rye v. Black & Decker Manuf. Co.*, 889 F.2d 100, 102 (6th Cir. 1989)).  Plaintiffs argue that "[t]he existence of previous injuries and death of infants due to a faulty locking mechanism . . . is relevant to the issue of whether or not Defendant was on notice [of] the locking mechanism's importance and the importance of its proper assembly, operation and upkeep."  Doc. #60, PAGEID #1688.

"The plaintiff has the burden of proving the substantial similarity between prior accidents and his own," *Rye*, 889 F.2d at 102, and absent evidence of substantial similarity, previous incidents are inadmissible.  *Id*.  Plaintiffs have

4

presented no evidence about the incidents that were the subject of the CPSC complaints, much less that the causes of and circumstances surrounding those incidents were substantially similar to the alleged causes of and circumstances surrounding Michael's death.  The previous incidents pertained to a missing or misassembled spring, Doc. #43, PAGEID #1067, a product defect that, as discussed above, was not present in Plaintiffs' Bassinet.  Moreover, Plaintiffs' only remaining claim is based on Defendant's allegedly inadequate warning, and Plaintiffs have not cited to evidence that the previous incidents were caused by Defendant's failure to adequately warn about the dangers of loosened bolts, and about the importance of tightening the bolts, on the locking mechanism.

     As Plaintiffs have failed to show substantial similarity between the incidents that were the subject of consumer complaints and the incident at issue in this case, Defendant's motion must be sustained, albeit without prejudice.  If Plaintiffs wish to introduce evidence of previous incidents at trial, they must file a motion at least thirty (30) days prior to trial, and, in that motion, proffer evidence that:

1. The previous incidents are substantially similar to the incident at issue in this case;

2. The complainants have personal knowledge of the incidents and their causes.  Fed. R. Evid. 602; and

3. The complainants are willing to testify at trial, or their testimony may be commanded by this Court.

Fed. R. Civ. P. 45(c)(1).  Upon such a showing, Defendant will have seven (7) calendar days in which to respond, following which the Court will evaluate whether the probative value of the previous incidents, if any, "is substantially

5

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. If the Court determines that any of those concerns substantially outweighs the probative value of the previous incidents, then evidence of those incidents will be excluded.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* to exclude evidence of the recall, Doc. #39, is SUSTAINED, and any such evidence is inadmissible. Defendant's motion *in limine* to exclude evidence of previous consumer complaints, Doc. #43, is also SUSTAINED, although without prejudice. Any evidence of prior incidents will be admissible only upon Plaintiff making the above-described showing at least thirty (30) days prior to trial and, following Defendant's response, the Court's analysis of the proffered evidence under Fed. R. Evid. 403.

Date: March 7, 2016

                                                WALTER H. RICE
                                                UNITED STATES DISTRICT JUDGE